IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAWN DELANO GREGORY,

     Petitioner,

v.                                                              Civil Action No. 3:07cv790

KATHLEEN BASSETT, WARDEN,

     Respondent.

## MEMORANDUM OPINION

Petitioner Shawn Delano Gregory, a Virginia inmate, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Gregory challenges his felony convictions in the Circuit Court of Henrico County ("Circuit Court") for second degree murder, eluding the police, and three counts of possession with intent to distribute an illegal substance. Respondent moved to dismiss on the ground that the action is barred by the statute of limitations.

Respondent has filed an appropriate *Roseboro*[2] notice. Gregory responded to the motion, and the matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) provides in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

**A.    State Court Proceedings and Direct Appeal**

On September 26, 2003, a Circuit Court jury found Gregory guilty of second degree murder and eluding the police. On November 21, 2003, in a separate trial in the same court, Gregory entered conditional pleas of guilty to three counts of possession with intent to distribute heroin, cocaine, and marijuana. On January 15, 2004, the Circuit Court sentenced Gregory to a total of seventy-two (72) years imprisonment with sixteen (16) years suspended.

Gregory appealed his convictions to the Court of Appeals of Virginia ("Court of Appeals"). On November 1, 2005, the Court of Appeals issued a published opinion affirming Gregory's convictions. *Gregory v. Commonwealth*, 621 S.E.2d 162 (Va. Ct. App. 2005).

On May 9, 2006, the Supreme Court of Virginia denied his petition for appeal. Gregory did not file a state petition for a writ of habeas corpus.

**B.    Federal Habeas Petition**

On August 3, 2007, this Court received a letter from Gregory entitled "Motion for Extension of Time to File a Petition for Writ of Habeas Corpus Under Title 28 Section 2254." Because Gregory did not have an action pending, the Court did not file that motion.[3]

---

[3] Conspicuously absent from Gregory's submission is the response he received from the Court with respect to his motion for an extension of time. The Court has a standard practice when it receives a motion from a prisoner that is not associated with any pending action and where the motion itself does not contain sufficient information to be construed as a freestanding action. The Court sends the prisoner a letter informing him that no action can be taken upon his current motion. The Court then informs the prisoner that should he wish to challenge his conviction and sentence, he must complete and return the standardized forms for pursuing relief under 28 U.S.C. § 2254 and sends said forms to the prisoner.

On December 27, 2007, Gregory filed the present petition for a writ of habeas corpus. He raises a single ground for relief: "Whether Petitioner's Fourth Amendment[4] rights against unreasonable search and seizure were violated." (Pet. 6.) He characterizes a police search of his residence as an unnecessary "fishing expedition," alleging that police already had direct evidence to show that he owned and was driving the car involved in the accident leading to the charges, and, ultimately, his conviction. He also challenges the sufficiency of the search warrant because it "lack[ed] the required specificity and sufficient facts to establish probable cause." (Pet'r's Mem. in Supp. of Pet. 8-9.)

## II. Analysis

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1).[5] This

---

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

[5] 28 U.S.C. § 2244(d)(1) states:

A 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is   removed, if the applicant was prevented from filing by such State action;
   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

statute of limitations begins to run "when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Furthermore, the "running of the [limitations] period is suspended for the period when state post-conviction proceedings are *pending* in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000); *see also* 28 U.S.C. § 2244(d)(2).[6]

The Supreme Court of Virginia refused Gregory's appeal on May 9, 2006. The limitations period commenced ninety days later, on August 8, 2006, the last day on which Gregory could petition the United States Supreme Court for a writ of certiorari. *Harris*, 209 F.3d at 328 n.1. Gregory had one year from that date, or until August 8, 2007, to file a federal petition for a writ of habeas corpus. Gregory did not file his petition until December 27, 2007.

**B.    Motion for Extension of Time**

In an apparent attempt to invoke this Court's jurisdiction at an earlier date, Gregory argues that he submitted a *pro se* motion for extension of time to this Court in a letter entitled "Motion for Extension of Time to File a Petition for Writ of Habeas Corpus Under Title 28 Section 2254." This letter is dated July 12, 2007, and this Court received it on August 3, 2007. This Court lacked jurisdiction to consider that motion because, absent the filing of a petition, a motion for extension of time is not a case or controversy under Article III, section 2 of the United

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[6] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

States Constitution.[7] *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007)  (Nos. 07-6513, 07-7095), *available at* 2007 WL 4302418, at *1; *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *Ramirez v. United States*, 461 F. Supp. 2d 439, 440 (E.D. Va. 2006) (Ellis, J.). Courts may construe a motion for extension of time as a habeas petition provided the motion contains sufficient allegations supporting the claim for relief. *Anderson v. Pa. Attorney Gen.*, 82 F. App'x 745, 749 (3d Cir. 2003) (No. 01-4065), *available at* 2003 WL 22956022, at *3; *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001); *Ramirez*, 461 F. Supp at 441. Gregory argues that his motion contained sufficient information for this Court to establish jurisdiction and that his subsequent petition should "relate back" under Federal Rule of Civil Procedure 15(c). (Pet'r's Mem. in Supp. of Pet. 5-6.)

Gregory's motion did not contain allegations sufficient to support a claim.  The motion merely stated Gregory had retained counsel "to prepare a Writ of Habeas Corpus to address the denial of the appeal." (Pet'r's Mem. in Supp. of Pet. Ex. B.)  Gregory states no grounds or facts that would entitle him to relief. Therefore, this Court cannot construe Gregory's motion as a petition for a writ of habeas corpus. *Ramirez*, 461 F. Supp at 441.  Gregory cannot use his motion for extension of time as an anchor to which his untimely petition can relate back under Federal Rule of Civil Procedure 15(c).  *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000).  This Court can recognize Gregory's claim, then, only if he can show entitlement to equitable tolling.

---

[7]Article III, § 2 states in relevant part: "The judicial Power shall extend to all Cases in Law and Equity, arising under this Constitution, the Laws of the United States, and . . . to Controversies to which the United States shall be a Party. . . ." U.S. Const. art. III, § 2, cl. 1.

C.    **Equitable Tolling**

To be entitled to equitable tolling of the AEDPA's statute of limitations, Gregory must

demonstrate "some . . . extraordinary circumstance beyond his control that prevented him from

complying with the statutory time limit." *Harris*, 209 F.3d at 330.  Under this test, Gregory "is

only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*,

339 F.3d 238, 246 (4th Cir. 2003) (en banc).  "[C]ircumstances of individualized hardship" are

not sufficient to warrant equitable tolling. *Harris*, 209 F.3d at 330.  Moreover, equitable tolling

does "not extend to garden variety claims of excusable neglect" such as an oversight by the

petitioner's attorney. *Rouse*, 339 F.3d at 246 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S.

89, 96 (1990)).

Gregory essentially argues entitlement to equitable tolling because his attorney was

overburdened and unable to meet the deadline for filing the petition.  The record demonstrates

that in November 2006, Gregory hired Criminal Defense Associates ("CDA"), a California law

firm, as his counsel for the present petition.  On June 20, 2006, CDA became insolvent and

terminated all of its staff attorneys.  Gregory continued to retain a former CDA attorney, Susan L.

Ferguson, as counsel.  Ms. Ferguson also assumed responsibility for approximately ten other

post-conviction cases that CDA had abandoned.  In addition, Ms. Ferguson expended time

opening her own practice and trying to find local counsel to assist her in this case.  As a result of

these burdens, she failed to file Gregory's petition on time.

The United States Court of Appeals for the Fourth Circuit has held that habeas "counsel's

errors are attributable to [the petitioner] . . . because they were his agents, and their actions were

6

attributable to him under standard principles of agency." *Rouse*, 339 F.3d at 249. Moreover, courts in the Eastern District of Virginia have held that "Petitioner's asserted delay in receiving information from his lawyer is insufficient to meet the high standard necessary for equitable tolling." *Little v. United States*, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002) (*citing Harris*, 209 F.3d at 330). By choosing an out-of-state attorney to represent him, Gregory assumed the risk that complications and delays would ensue. The attorney's delay in obtaining his case file and filing his petition is attributable to Gregory and not external to his own conduct. *See Rouse*, 339 F.3d at 249. While the circumstances here are unfortunate, the Fourth Circuit discourages courts from considering the merits of the basis of delay. *Id.* at 251.

A petitioner invoking equitable tolling must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Gregory did not diligently pursue filing his petition. The Virginia Supreme Court denied Gregory's petition for review on May 9, 2006. Gregory did not engage CDA as counsel until November 2006. He allowed three months of the statutory period to elapse before even hiring an attorney.

Despite the prolonged difficulties and delays as a result of CDA's insolvency, Gregory took no additional action between November 2006 and the filing deadline. Even unavoidable delays in the filing process cannot warrant equitable tolling when such delays prove significant only because of the petitioner's own lack of diligence. *See Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (holding petitioner ineligible for equitable tolling when he waited until the final day of the AEDPA's statute of limitations period to file his state motion for relief, leaving

7

himself only one day to file his habeas corpus petition).  In sum, Gregory did not diligently attempt to file his petition on time.  Therefore, he is not entitled to equitable tolling.

### D.    Fourth Amendment Claim Not Cognizable

Even assuming Gregory could establish entitlement to equitable tolling, the claim he asserts in his federal habeas petition is not cognizable.  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).[8]  The record shows that Gregory fully litigated his Fourth Amendment claim at trial and on appeal, and that the State of Virginia provides for a fair opportunity to do so in any event. *See* Va. Code § 19.2-266.2.  In a hearing prior to Gregory's trial, the Circuit Court denied Gregory's motion to suppress the evidence found in his apartment.  The Court of Appeals of Virginia considered Gregory's claims that the warrant was inadequate and/or unnecessary and rejected those arguments on the merits. *Gregory v. Commonwealth*, 621 S.E.2d 162, 167 (Va. Ct. App. 2005).

The Fourth Circuit has admonished that "the burden of pleading and proof is upon [the petitioner] to indicate in the petition . . . the *reasons* he has, and *the facts in support thereof,* as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth

---

[8] "The rationale for the Court's ruling was that, in the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with special force.'" *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985) (*quoting Stone*, 428 U.S. at 494-95).  Therefore, when a federal district court sitting in habeas considers Fourth Amendment claims, it should "first inquire as to whether or not the petitioner was afforded an *opportunity* to raise his Fourth Amendment claims under the then existing state practice." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978).

Amendment claims." *Doleman*, 579 F.2d at 1266.  Gregory asserts in his rebuttal brief that, although he made his Fourth Amendment arguments at a suppression hearing and in his petition for appeal, the Court of Appeals of Virginia "ignored the state of the evidence already in police possession when it determined that there was probable cause to search [Gregory's] residence for *any* documents linking him to the vehicle." (Pet'r's Rebuttal Br. 3.)  Even if true, this alleged error by the Virginia Court of Appeals would not create a cognizable claim here.  The Fourth Circuit has emphasized that "the ultimate rule of deference" contemplated by *Stone* "would of course be swallowed if impairment in this sense could be shown simply by showing error—whether of fact or law—in the state court proceeding." *Sneed v. Smith*, 670 F.2d 1348, 1355-56 (4th Cir. 1982).[9]  Therefore, Gregory's argument as to why he lacked an opportunity for a full and fair litigation of his Fourth Amendment claims fails to satisfy his burden under *Doleman* to overcome *Stone*'s bar against federal habeas review of Fourth Amendment claims.

### III. Conclusion

For the foregoing reasons, the Respondent's Motion to Dismiss (Docket No. 8) is GRANTED.  Accordingly, the Petition will be DISMISSED.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2/23/09

---

[9] In *Sneed*, the Fourth Circuit rejected the petitioner's claim that allegedly false testimony by a police officer and the application of incorrect constitutional standards constituted an impairment of his opportunity for full and fair litigation of his Fourth Amendment claim.  670 F.2d at 1356.

9